IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOYCE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOKF, NA | )  Case No. 12-CV-0028-JHP-TLW |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant BOKF, NA's ("BOKF") Motion for Summary Judgment [Doc. No. 22]; Plaintiff's Response to BOKF's Motion for Summary Judgment [Doc. No. 27]; and BOKF's Reply to Plaintiff's Response to BOKF's Motion for Summary Judgment [Doc. No. 30]. After consideration of the briefs, and for the reasons stated below, BOKF's Motion for Summary Judgment is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff brought the instant action by filing her Complaint on January 25, 2012, asserting (1) a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (2) a breach of contract claim arising from the alleged violation of an employment contract; and (3) a claim for worker's compensation retaliation. [Doc. No. 2]. On August 30, 2012, this Court entered a scheduling order pursuant to Fed.R.Civ.P. 16, which directed the parties to, in relevant part, (1) exchange all exhibits to be listed in the pretrial order by March 15, 2013; (2) submit agreed jury instructions and trial briefs by March 22, 2013; and (3) file an Agreed Pretrial Order on March 22, 2013. [Doc. No. 16]. On February 7, 2013, BOKF filed its

Motion for Summary Judgment, seeking summary adjudication of all claims asserted against it in the instant action. [Doc. No. 22].

On February 28, 2013, Plaintiff filed its Response to BOKF's Motion for Summary Judgment. [Doc. No. 27]. Plaintiff's Response brief provided the following:

> Plaintiff would also like to inform the Court that [P]laintiff wishes to abandon and withdraw for [*sic.*] submission and consideration Plaintiff's Count II Worker's compensation retaliation [*sic.*] and Count III breach of employment contract [claims] and responds to only addresses [*sic.*] [P]laintiff's ADEA claim.

[Doc. No. 27 at 1]. Accordingly, as a preliminary matter, the Court grants summary judgment as these claims as Plaintiff has implicitly conceded that Defendant is entitled to summary judgment as to Counts Two and Three.[1]

Curiously, Plaintiff's Response brief does not begin with or include a section containing a statement of the material facts to which Plaintiff contends genuine issues of fact exist as required by LCvR56.1(c). [*See* Doc. No. 27]. Instead, Plaintiff Response brief begins with a section that merely identifies generalized factual questions at issue in this case, but does not address BOKF's statement of undisputed facts or cite to relevant portions of the records. [*Id.*] On March 22, 2013, BOKF filed its Reply to Plaintiff's Response to BOKF's Motion for Summary Judgment, aptly noting several procedural issues raised by Plaintiff's Response. [Doc. No. 30].

## FACTUAL BACKGROUND

**A. Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1(c)**

---

[1] Even if Plaintiff had not conceded these claims, Defendant is entitled to summary judgment because there is no dispute of material fact with regard to Counts Two and Three and Defendant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56. In addition, the Court notes that Plaintiff did not move for voluntary dismissal of Counts Two and Three in accordance with Fed.R.Civ.P. 41(a)(1); therefore, the Court does not consider whether a voluntary dismissal of Counts Two and Three would result in legal prejudice to BOKF. *See Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997); *see also Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993).

As a preliminary matter, the Court must address Plaintiff's failure to comply with Fed.R.Civ.P. 56(e) and LCvR56.1(c). Fed.R.Civ.P. 56(e) provides, in relevant part, the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…(2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]

Fed.R.Civ.P. 56(e) operates in conjunction with LCvR56.1(c), which provides the following:

> The response brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts to which the party asserts genuine issues of fact exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state the number of the movant's facts that is disputed. All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.

The Court finds that Plaintiff utterly failed to comply with these rules. As mentioned above, Plaintiff's brief begins with a section that merely identifies seven generalized factual questions, but does not address BOKF's statement of undisputed facts or cite to relevant portions of the record. Accordingly, BOKF's statement of undisputed material facts is deemed admitted pursuant to Fed.R.Civ.P. 56(e) and LCvR56.1(c).

**B. Undisputed Facts**

Plaintiff has been employed as a teller at the BOK Brookside Branch since 1987. From September 15, 2008 through October 20, 2010, Plaintiff worked as a part-time teller, and at all times relevant to this litigation, worked under the supervision of Marilyn O'Leary ("O'Leary"), the branch manager, and Amber Jones ("Jones"), the assistant branch manager. As a teller employed by BOKF, Plaintiff was responsible for processing banking transactions for customers. BOKF required tellers to follow specific procedures when processing bank transactions, which

were set out in BOKF's Teller Manual ("Teller Manual"). The Teller Manual specifically prohibited tellers from engaging in a practice known as forced balancing, and BOKF regularly terminated employees for engaging forced balancing. On October 15, 2010, after incorrectly documenting a banking transaction for a customer, Plaintiff utilized forced balancing to reconcile the discrepancy created by her mistake. At the time, Plaintiff was already on probation for violations of policies in the Teller Manual.[2] On October 20, 2010, after investigating the incident, BOKF terminated Plaintiff for engaging in forced balancing in violation of BOKF's policies as set out in the Teller Manual.

Prior to her termination, Plaintiff planned to retire on June 9, 2011. Plaintiff admits that, while working at BOKF, she told numerous customers of her plans to retire. Plaintiff's supervisors, Jones and O'Leary, who were also aware of these plans, discussed Plaintiff's retirement plans with at least one customer, Rick Rogers, who was also Plaintiff's friend. Rogers testified that Jones and, to a lesser extent, O'Leary discussed Plaintiff's employment status with him on many occasions, the frequency of such discussions increasing significantly after Plaintiff returned to work after ten months on injury leave.

## DISCUSSION

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-

---

[2] The "Counseling Report" documenting Plaintiff's placement on probation explains, "Due to ongoing instances of policy violations Joyce Bell is being placed on 90[-]day probation. Joyce is aware that any additional instances of failing to follow proper BOKF policies or procedures could result in further disciplinary action up to/including termination." [Doc. No. 22, Ex. 10].

moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249. Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

**A. ADEA**

The ADEA makes it unlawful for any employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To defeat a motion for summary judgment on an ADEA claim, a plaintiff may either present direct evidence of age discrimination, *see Trans World Airlines, Inc., v. Thurston,* 469 U.S. 111, 121 (1985), or when direct evidence is unavailable, a plaintiff may present circumstantial evidence in accordance with the burden-shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Preliminarily, the Court finds that Plaintiffs' proffered evidence is not direct evidence of age discrimination, but rather is circumstantial evidence, and therefore *McDonell Douglas* provides the correct framework by which to analyze Plaintiffs' claim.[3]

Under *McDonell Douglas,* a plaintiff must first demonstrate a prima facie case of unlawful discrimination. 411 U.S. at 802. To do so, an ADEA plaintiff must show that she: "(1) belongs to a protected class; (2) was qualified for her position; (3) was discharged despite her

---

[3] Plaintiff concedes that she can produce no direct evidence of discrimination in her Response Motion. [Doc. No. 27 at 3].

5

qualifications; and (4) was terminated under circumstances which give rise to an inference of unlawful discrimination." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 (10th Cir. 2007) (internal quotations omitted); *see Sanchez v. Denver Pub. Schs.,* 164 F.3d 527, 531 (10th Cir.1997); *see also Plotke v. White,* 405 F.3d 1092, 1100 (10th Cir.2005) (holding that the "fourth element of a prima facie case is a flexible one that can be satisfied differently in varying scenarios" such as by being "replaced by a younger person"). "[T]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." *Kendrick,* 220 F.3d at 1227 (internal quotations omitted).

If a plaintiff succeeds at the first stage, the burden of production shifts to the employer to identify a legitimate, nondiscriminatory reason for the adverse employment actions. *Pinkerton v. Colo. Dep't of Transp.,* 563 F.3d 1052, 1064 (10th Cir.2009). Once the employer advances such a reason, the burden shifts back to the plaintiff to prove the employer's proffered reason was pretextual. *Id.* "[P]retext can be shown in a variety of ways," and "there is no one specific mode of evidence required to establish the discriminatory inference." *Trujillo v. PacifiCorp,* 524 F.3d 1149, 1158 (10th Cir.2008). To show pretext, Plaintiff "must produce evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [BOKF's] proffered legitimate reasons for its action[s] that a reasonable factfinder could rationally find them unworthy of credence." *Argo,* 452 F.3d at 1203 (internal quotation marks omitted)

### *1. Plaintiff's Prima Facie Case*

BOKF does not argue that Plaintiff fails to establish the first three elements of a prima facie case of discrimination: (1) Plaintiff is a member of a protected class; (2) Plaintiff was qualified for his position; and (3) Plaintiff suffered an adverse employment action. *See*

*Swackhammer,* 493 F.3d at 1166. Rather, BOKF argues that Plaintiff has provided no evidence in support of the fourth element, that the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." *See id.*

The Court finds that Plaintiff has failed to meet her initial burden of establishing that she "was terminated under circumstances which give rise to an inference of unlawful discrimination." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 (10th Cir. 2007). The Court finds nothing in the record that supports Plaintiff's argument that she was treated differently than other similarly situated employees. More specifically, Plaintiff cannot establish that the Teller Policy was applied only to her or that she received desperate discipline as a result of her violation of the Teller Policy. Accordingly, BOKF is entitled to summary judgment.

### *2. Evidence of Legitimate Nondiscriminatory Reason for Termination and Pretext*

Even if Plaintiff could establish the prima facie case as required by *McDonell Douglas*, BOKF would still be entitled to summary judgment. Assuming the existence of evidence in support of an inference of discrimination, BOKF has provided extensive evidence of a legitimate, nondiscriminatory reason for termination of Plaintiff's employment; that is, engaging in forced balancing on October 15, 2010. Therefore, the Court considers whether Plaintiff has met her burden of producing evidence of pretext.

Evidence of pretext "defeats summary judgment only if it could reasonably lead the trier of fact to infer a discriminatory motive." *Swackhammer. v. Sprint/United Mgmt. Co.,* 493 F.3d 1160, 1168 (10th Cir.2007). "The Tenth Circuit has long held that a plaintiff must prove but-for causation to hold an employer liable under the ADEA." *See EEOC v. Prudential Fed. Sav. & Loan Ass'n,* 763 F.2d 1166, 1170 (10th Cir.1985) (quoting *Perrell v. Financeamerica Corp.,* 726

F.2d 654, 656 (10th Cir.1984)). This causal standard does "not require[ ] [plaintiffs] to show that age was the sole motivating factor in the employment decision." *Wilkerson v. Shinseki,* 606 F.3d 1256, 1266 (10th Cir.2010) (quotations omitted). "Instead, an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference." *Jones v. Oklahoma City Pub. Sch.,* 617 F.3d 1273, 1277-78 (10th Cir. 2010) (internal quotations omitted); *accord Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (requiring an ADEA plaintiff to show that age had a "determinative influence on the outcome" of her employer's decision-making process).

Courts look to several factors when evaluating the sufficiency of the evidence of pretext, "includ[ing] the strength of the [employee's] prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered" on a motion for summary judgment. *Id.* at 1280 (quoting *Reeves,* 530 U.S. at 148-49, 120 S.Ct. 2097). A plaintiff typically makes a showing of pretext with evidence that: (1) defendant's stated reason for the adverse employment action is false, (2) defendant acted contrary to a written policy, or (3) defendant acted contrary to an unwritten policy or practice. *Kendrick,* 220 F.3d at 1230.

After careful consideration of the evidence, the Court finds that Plaintiff cannot meet her burden of showing pretext. It is undisputed that Plaintiff engaged in forced balancing in violation of BOKF policy. Significantly, it is also undisputed that BOKF regularly terminated employees for engaging in forced balancing. Further, there is simply no evidence in the record that BOKF's stated reason for Plaintiff termination is false or the the result of anything other than Plaintiff's violation of BOKF's prohibition against engaging in forced balancing.

Plaintiff argues that evidence of age-related comments made by BOKF's management team are sufficient to establish pretext. Specifically, Plaintiff points to the testimony of Richard Rogers, a BOKF patron and friend of Plaintiff, who stated that Jones and O'Leary discussed Plaintiff's retirement status and even requested that Rogers assist in persuading Plaintiff to retire. [Doc. No. 27, Ex. 4]. In addition, Plaintiff argues that Jones and O'Leary's comments were a violation of BOKF policy, and, therefore, are strong evidence of pretext. [*Id.*] But even at the summary judgment stage, "stray remarks," and "isolated or ambiguous comments are too abstract ... to support a finding of age discrimination." *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 531 (10th Cir.1994) (quotations and alteration omitted); *see also Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1140 (10th Cir.2000) (holding supervisor's comments that "at [employee's] age, it would be difficult to train for another position" or "difficult to find a new job" were too abstract to support an inference of age discrimination); *See, e.g., Ziegler v. Beverly Enters.-Minn., Inc.,* 133 F.3d 671, 676 n. 3 (8th Cir.1998) (holding an employer's questions about an employee's age and retirement plans insufficient to demonstrate age discrimination); *Woythal v. Tex-Tenn Corp.,* 112 F.3d 243, 247 (6th Cir.1997) (same); *Colosi v. Electri-Flex Co.,* 965 F.2d 500, 502 (7th Cir.1992) ("[A] company has a legitimate interest in learning its employees' plans for the future, and it would be absurd to deter such inquiries by treating them as evidence of unlawful conduct."). Furthermore, the passage of time can also render a comment too remote to support a finding of pretext. *See Antonio v. Sygma Network, Inc.,* 458 F.3d 1177, 1184 (10th Cir.2006) (holding a comment made nine months before termination too remote to establish retaliatory motive). In addition, the Court also notes the context in which the discussions between O'Leary, Jones, and Rogers occurred. At the time that Jones and O'Leary made these statements to Rogers, Plaintiff had told numerous customers of her plans to retire on June 9,

9

2011.  In addition, most of the comments were made following Plaintiff's returned to work after ten months on injury leave.  Under these circumstances, the Court does not find these comments particularly indicative of discriminatory intent by Rogers and O'Leary.

The Court finds that the aforementioned statements, when considered in conjunction with all of the evidence in the record, are insufficient to establish that BOKF's stated reason for terminating Plaintiff was a pretext.  Accordingly, BOKF is entitled to summary judgment.

## CONCLUSION

After consideration of the briefs, and for reasons the detailed above, BOKF's Motion for Summary Judgment is **GRANTED**.

James H. Payne
United States District Judge
Northern District of Oklahoma